UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

Second Amended

**CIVIL RIGHTS COMPLAINT FORM**

Reiko Vorshae Henry
DC # J32285

CASE NUMBER: 3:11-cv-894-TJC-MCR
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Michael J. Mitchell, in his individual capacity,
Anthony C. King, in his individual capacity,
Daniel Wendorff, in his individual capacity,

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

PROVIDED BY
LIBERTY C.I. ON
APR 9 2012
FOR MAILING

FILED

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.  **PLACE OF PRESENT CONFINEMENT:** Liberty Work Camp
    (Indicate the name and location)
    11064 N.W. Dempsey Barron Rd, Bristol, FL 32321-2629

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (✓)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)                    1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A.  <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No ( )

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  <u>Informal Grievance</u> (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __27th__ day of __March__, 2 0 12.

_____
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? Grievance on Inmate Request Form

2. What were the results? Unfounded

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 27th day of March, 2012.

_____
Signature of Plaintiff

DC 225 (Rev. 9/03)                          4

IV. **PREVIOUS LAWSUITS:**

   A. Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

   B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

   C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): Reiko Vorshoe Henry

      Defendant(s): Sheriff Rick Beseler, Capt. C. Hart, Sgt. M. Mitchell, Deputy King, Deputy Henry, Deputy John Doe

   2. Court (if federal court, name the district; if state court, name the county): Middle District of Florida

   3. Docket Number: 3:11-cv-00809-RBD-MCR

   4. Name of judge: Roy B. Dalton Jr

   5. Briefly describe the facts and basis of the lawsuit: Unsafe Condition in violation of Plan.ff's Rights

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Dismissed without prejudice

   7. Approximate filing date: 8-15-11

   8. Approximate disposition date: 8-19-11

   D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                              5

## IV. PREVIOUS LAWSUITS

29. Plaintiff have initiated a previous lawsuit with the federal courts dealing with the same or similar facts. The information of the previous lawsuit is as follows:

1. 30. <u>Plaintiff</u>: Reiko Varshae Henry

   31. <u>Defendants</u>: Sheriff Rick Beseler, Capt. C. Hart, Sgt. Mitchell, Officer King, Officer Henry.

2. 32. <u>Court</u>: Middle District of Florida

3. 33. <u>Docket Number</u>: 3:11-CV-00664-HLA-MCR

4. 34. <u>Name of Judge</u>: Henry Lee Adams

5. 35. <u>Briefly describe the facts and basis of the lawsuit</u>: Unsafe condition in violation of Defendant's rights.

6. 36. <u>Disposition</u>: Dismissed without prejudice.

7. 37. <u>Approximate filing date</u>: 7-6-11

8. 38. <u>Approximate disposition date</u>: 7-14-11

9. 39. Plaintiff had no lawsuit that have been dismissed as frivolous, malicious, or for failure to state a claim.

no

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: REIKO VARSHAE HENRY

Mailing address: 11064 N.W. Dempsey Barron Road
Bristol, FL 32321

B. Additional Plaintiffs: Not Applicable

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Michael J. Mitchell

Mailing Address: 901 N. Orange Ave
Green Cove Springs, FL 32043

Position: Sergeant

Employed at: Clay County Jail

D. Defendant: Anthony C. King

Mailing Address: 901 N. Orange Ave
Green Cove Springs, FL 32043

Position: Deputy

Employed at: Clay County Jail

DC 225 (Rev. 9/03)

7

E. Defendant: Daniel Wendorff
Mailing Address: 901 N. Orange Ave
Green Cove Springs, FL 32043
Position: Deputy
Employed at: Clay County Jail

F. Defendant: _____
Mailing Address: _____
Position: _____
Employed at: _____

G. Defendant: _____
Mailing Address: _____
Position: _____
Employed at: _____

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Defendants Michael Mitchell, Anthony King, and Daniel Wendorff, did demonstrate reckless and callous disregard for Plaintiff VIII and XIV Amend., U.S.C.A rights, State of Florida PREA act, and Operation Procedure by failing to protect Plaintiff from being sexually assaulted and rape by other inmates.

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

See next page

**STATEMENT OF FACTS**

3:11-cv-894-TJC-MCR

1.  Based on facts and knowledge, Plaintiff, Reiko Varshae Henry, was incarcerated in the custody of the Clay County Sheriff's Office in the Clay County Jail between February 25 and April 13, 2011.

2.  When plaint' enter into the Clay County Jail, he was assigned to B dorm, cell block 2, bunk 6.

3.  B dorm have (6) cell blocks. Cell block (2) have (6) cells which hold (3) inmates per cell.

4.  B dorm is open population from 4:30 am to 11 pm daily and lock down from 11 pm to 4:30 am nightly.

5.  One of Plaintiff's cell mate was an inmate by the name Hector Sanchez. Sanchez was incarcerated in the Clay County Jail for a motion hearing on his murder conviction.

6.  Sanchez is known by defendants as a trouble-some and violent inmate due to having a misconduct for violating count procedure and his criminal records.

7.  On March 20, 2011 and leading to March 21, 2011, Plaintiff and Sanchez stayed up playing cards. Once Plaintiff it a night, Plaintiff went to his bunk. Sanchez come over to Plaintiff, pulled out his penis, and started masturbating in front of Plaintiff. Sanchez asked Plaintiff to perform oral sex on him.

Plaintiff refused Sanchez offer which lead into an argument and Sanchez threaten Plaintiff.

8. Later that day, Plaintiff went to Deputy Anthony C. King and informed him about the incident of the previous night. Plaintiff told Deputy he was in fear of his safety of Sanchez.

9. Deputy Richard Lee Clemons moved Plaintiff to B-2 Bunk 6 to B-2 Bunk 11 at the request of Deputy Anthony King.

10. It was noted in the inmate log that the move was made because the inmate was having some type of problem at night with his cell mate.

11. Sanchez went to numerous officials including all defendants trying to move to a different cell block or confinement. Each defendant and official denied Sanchez request. Sanchez stated to each defendant, he's going to fuck an inmate up if not moved.

12. Plaintiff had another inmate to call his mother, Pamela Henry, and advise her on the sexual assault and Sanchez threat.

13. Plaintiff's mom call the Clay County Jail and spoke with Sgt. Mitchell. Ms. Henry inform Michael Mitchell about the assault, Sanchez threat, and her son concerns for his safety. After conversation, no actions was taken by Michael Mitchell.

14. Each defendant was aware of Sanchez threat to fuck an inmate up and Sanchez sexual assault on Plaintiff. Each defendant also had prior knowledge of Sanchez murder conviction which proves Sanchez have taken a life and has no heart in

taking another soul. Defendants put Plaintiff and other inmates at serious risk of violence and sexual assault at the hands of Sanchez.

15. Plaintiff later wrote an Inmate Request and place it in the hands of Deputy Daniel Wendorff. Plaintiff told Wendorff he is wishing to be moved to another dorm due to Sanchez threat and past incident. Wendorff did not response back to the request nor any moves done. The request was placed in Sgt. Michael Mitchell hands.

16. On March 31, 2011, Sanchez come into the shower with Plaintiff while Plaintiff was showering, force Plaintiff on to the shower floor, and force Plaintiff to perform oral sex on him. The shower is in plain view of the Officer station.

17. That night of April 1, 2011, an unknown inmate informed Daniel Wendorff about the sexual assaults. Wendorff did not decide to move Plaintiff until 5:03 am on April 2, 2011. Plaintiff was moved to another cell block within B dorm.

18. Plaintiff was moved in the same block as Sanchez co-defendant.

19. Sanchez made contact with inmates in B6 which caused Plaintiff to be threaten and harassed by other inmates.

20. Plaintiff went to another official and reported the incident about the assault. Sgt. Mitchell handled the initial incident. Mitchell failed to move Plaintiff out of B dorm due

to Mitchell felt as Plaintiff was in a very safe environment around murders and violent charges inmates.

21. Sanchez was placed in confinement.

22. Plaintiff cont to receive threats while in B6. Plaintiff called his mother which call the Clay County Jail again. Plaintiff was, days later, place in confinement.

23. Due to defendants was aware of a potential harm but failed to prove property safety, caused Plaintiff to be sexually battery which lead into physical injuries and emotional/mental injuries.

24. Defendant Anthony King had first hand knowledge prior to March 31, 2011 incident that Sanchez have been given Plaintiff problem at night to include coming on to Plaintiff sexually, refusing to let Plaintiff sleep, and masturbating in front of Plaintiff at night. In the Clay County Sheriff's Office Standard Operating Procedure and PREA, it states when an inmate report to an official about a sexual assault, the official must immediately protect an inmate from the attacker whether or not the inmate identified the attacker. King only moved Plaintiff to another cell within the same cell block as his attacker. Defendant King also had knowledge of Sanchez threat to fuck an inmate up and Sanchez murder conviction. Defendant King took no action to properly provide the proper safety for Plaintiff.

25. Defendant Michael Mitchell had first and second hand knowledge prior to March 31, 2011 incident that Sanchez has been sexually assaulting Plaintiff at night based on Plaintiff's mother call the Clay County Jail and talking to Mitchell. Despite knowledge of Plaintiff moved and notation concerning move, Mitchell had knowledge of Sanchez threat to fuck an inmate up and Sanchez murder conviction. Mitchell took no measurement to provide proper safety for Plaintiff.

26. Defendant Daniel Wendorff had first and second hand knowledge of Plaintiff assault prior to March 31, 2011 and after. Plaintiff went to Wendorff and inform him of the incident, requested to be moved and sent him an inmate request stating the same. Once Wendorff was told about the sexual assault, Wendorff took no action in providing proper safety for Plaintiff from his attacker.

27. Plaintiff suffered physical pain and walking with steady gait, as well as mental anguish, fright, shock, embarrassment, humiliation, and mortification, in addition to psychological injuries that are permanent.

14

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Compensatory damages in the amount of $40,000 against each defendant, Punitive damages in the amount of $200,000 against each defendant, Jury trial triable by Jury, Plaintiff cost in this suit, and any relief deems just on appropriate.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  30th  day of  March , 2 012 .

_____ J. _____

(Signatures of all Plaintiffs)

**Return To Inmate**

# CLAY COUNTY SHERIFF'S OFFICE
## Clay County, Florida
### INMATE REQUEST FORM

Date: 4-5-11   Time: 6:15 pm   Cell Number: C   Bunk: 3

Inmate's Name: Henry, Reiko V.   Booking Number: 107301

**ONE INMATE PER REQUEST AND ONLY ONE REQUEST PER SHEET**

[ · ] Chaplain   [ ] Programs   [ ] Haircut   [ ] Other
[ ] Church     [ ] Kitchen    [ ] Library   [ ] Specific Contact With: _____

Name of Person Request Directed To: Grievance to LT

Explain the request in detail (must be printed):

I feel as I been treated unfair base on my race & for being a homosexual. All Deputy need to be trained on the safety & knowledge of an inmate. This is my reason why. I was sexually assault by an inmate Hector S. & T. Thomas. This incident could of been easily resolved/prevented if Deputy did there job. Inmate Hector ask deputy to move him out the dorm. Everytime he asked he was Denied. So he goes & sexual assault me just to get his way to be place in confinement. Half the dorm in B2 wrote requests to get inmate T. Thomas out the dorm. Deputy declined the requests. Inmate T. Thomas goes & Sexualty Assault me & another inmate. I was moved from B2 & place in BC on a top bunk. I was assigned to a bottom bunk but did not have my medical paper to prove it. I ask C.O. & sgt to move to a bottom bunk. I get rejected. They say I must have the paper to do it. It take me two days but I get my low bunk paper. I cant move to a low bunk they want me on a boat bed.
cont →

Detention Deputy Taking Request: _____ ID #: 2030 Date/Time: 4/5/11

White: File   Yellow: Inmate   CCSO/C-D17 (rev 8/05)

OVER

Exhibit: A

pg

# CLAY COUNTY SHERIFF'S OFFICE
Clay County, Florida

## INMATE REQUEST FORM

Date: 4-5-11        Time: _____        Cell Number: C        Bunk: 3

Inmate's Name: Henry, Rerko V.        Booking Number: 107301

### ONE INMATE PER REQUEST AND ONLY ONE REQUEST PER SHEET

[ ] Chaplain       [ ] Programs     [ ] Haircut    [ ] Other
[ ] Church         [ ] Kitchen      [ ] Library    [ ] Specific Contact With: _____

Name of Person Request Directed To: Grievance to Lt
Cont. Grievance to Lt pg 2.

Explain the request in detail (must be printed):

The boot bed cause me more pain having to try & get up and just fall down. I wait another day-ask another Sgt. I first call my mom & tell her whats wrong. To my knowledge she call up here & see what's going on & also mad about the sexual assault. I tell Sgt. I was mad but they move me in the same dorm as Hector Co-Defendent & that could of cause problem but I talk with the guy & everything ok. Sgt tell me he think it best for me to go to confinement where "I will have my bottom bunk" on I wont have to worry about possible problems. As I am in the dorm packing my stuff a white guy comes in and to a top bunk. He ask the officer he like to be on a bot bunk but dont have a low bunk pass. He get to move with no problem. Then I move to confinement I cant move to get one of my tray & a Deputy tell me I am giving him a problem. He stated he will put Inmate Hector in my cell just to fight me. Now I am scared to be in confinement with them inmates.

Detention Deputy Taking Request: _____ ID #: 030  Date/Time: 4/5/11

White File     Yellow: Inmate                                   CCSO/C-047 (rev 06/05)

Exhibit A

## CLAY COUNTY SHERIFF'S OFFICE
Clay County, Florida

## INMATE REQUEST FORM

Date: 4-5-11 Time: _____ Cell Number: C Bunk: 3

Inmate's Name: Henry, Reiko V. Booking Number: 10730 1

### ONE INMATE PER REQUEST AND ONLY ONE REQUEST PER SHEET

[ ] Chaplain [ ] Programs [ ] Haircut [ ] Other
[ ] Church [ ] Kitchen [ ] Library [ ] Specific Contact With: _____

Name of Person Request Directed To: Grievance to LT

Explain the request in detail (must be printed): Cont part 3.

I feel as no one here is caring for my safety or well being but just care to make thero job easy. I think something need to be done about this & a true investigation need to be done with staff & me being removed from confinement.

Thanks

Detention Deputy Taking Request: [signature] ID #: 2030 Date/Time: 4/5/11

White File    Yellow Inmate

CCSO/C-047 (rev 08/03)

Exhibit A

Your Inmate Request makes reference to the alleged sexual assault that occurred this past weekend and is forwarded to the detective investing your complaint. You were moved from Cell Block B-2 to B-6 for your protection. You were unhappy with your bunk assignment after being moved and by your own admission you did not have a medical issued lower bunk pass that warranted giving you priority for a lower bunk. You were again moved from B-6 to Confinement for your protection after you stated there were concerns with another inmate in that cellblock. This move to Confinement also provided you with the lower bunk you desired. Your statement that the deputies do not care for your safety or well being is unfounded.

Capt. Chast *[signature]*

4/6/2011

Exhibit: A